Mr. Justice FIELD
delivered the opinion of the court:
The jurisdiction of the District Court to supervise and correct the action of the Surveyor-General in this case is not derived from the act of June 14th, 1860. That act applies to surveys subsequently made, with certain exceptions, within which the present case does not fall. The exceptions embrace only those surveys previously made and approved by the Surveyor-General, which had been, at the passage of the act, returned into the District Courts, or in relation to which proceedings were then pending for the purpose of contesting or reforming the same. The jurisdiction is asserted independent of the act of 1860, upon the authority of the decision of this court in the case of the United States v. Fossatt.† In that case the decree had been *107 rendered by tbe District Court, and it was held that tbe jurisdiction of tbe court extended not merely to the determination of questions relating to the genuineness and authenticity of the grant presented, and its efficacy in transferring the title, but also to questions relating to its location and boundaries; and that for the settlement of these latter questions, the power of the court over the case did not terminate until the issue of the patent conformably to its decree.
Previous to the act of 1860, the jurisdiction of the board and of the District Court, on appeal, was derived entirely from the act of March 3d, 1851, and the act of August 31st, 1862; and when the claims presented were adjudged valid and confirmed, the duty devolved upon the Surveyor-General to cause them to be surveyed. “ Por all claims finally confirmed,” says the statute, “by the said commissioners, or by the said District or Supreme Court, a patent shall issue to the claimant upon his presenting to the General Land Office an authentic certificate of such confirmation, and a plat or survey of the said land, duly certified and approved by the Surveyor-General of California, whpse duty it shall he to cause all private claims which shall he finally confirmed to he accurately surveyed, and to furnish plats of the same” The action of the surveyor in this respect was not in terms made subject to the control of the board or court; it was only made returnable to the Commissioner of the General Land Office at Washington, who was invested, by the previous legislation of Congress, with a general supervision over the acts of all subordinate officers charged with making surveys. Whatever jurisdiction the District Court may have possessed to enforce the execution by the Surveyor-General of its own decrees, it possessed no control over the execution of the decrees of the board.
It is true that for the determination of the validity of the claims presented some consideration must have been had of their extent, location, and boundaries. The petitions of the claimants must necessarily have designated, with more or less precision, such extent and location. And where the *108 grants were by metes and bounds, or where proceedings before Mexican authorities, such as took place upon ajurh dical delivery of possession, had established the boundaries, or where from any other source pending the proceedings for a confirmation the boundaries were indicated, it was proper for the board to declare them in its decrees. And such was the course adopted in numerous instances. But in the majority of cases the grants of the Mexican governors were for a certain specified quantity of land lying within exterior boundaries embracing a much larger tract, and in relation to which no proceedings were ever taken by the former government for its measurement and segregation. In such cases, a confirmation of the. claim was only a judicial determination- of the right of the claimant to have a specific quantity set apart to him out of a general tract. And the duty of the board was discharged by a confirmation of the claim in the general terms of the grant, leaving the specific quantity designated to be surveyed and laid off by the proper officers of the government, to whom the subject of surveys was intrusted. With the surveys following the decrees of the board the District Court had nothing to do.
The surveys of confirmed Mexican grants, particularly when they are for quantities lying within exterior boundaries embracing larger tracts, involve the consideration of various matters, not properly the subject of judicial inquiry. In numerous instances, the location'of the quantity confirmed, whether it shall be on one or the other side of the general tract, may depend upon the past or intended action of the government with reference to the surplus. Portions of the general tract may be required, and, therefore, be properly reserved from the location, for public purposes. The act of 1860 creates a new jurisdiction in the court, which cannot be assumed independent of the act, and under it should be exercised only in cases coming clearly within its language.
The decree of the District Court revising the action of the Surveyor-General and correcting his survey, must, therefore, he reversed, and the court directed to dismiss the proceed *109 ings for want of jurisdiction. If the 'survey does not conform to the decree of the board, the remedy must be sought from the Commissioner of the General Land Office before the patent issues, and not in the District Court.
Decree accordingly.

 Id., 445.